DECISION
{¶ 1} Defendants-appellees, James L. Dye, Powers Investigations, Inc., Michael Powers, Steven Powers and JoAnn Grubb ("appellees"), have filed motions to dismiss the instant appeal for lack of jurisdiction. For the following reasons, we grant appellees' motions and dismiss this appeal.
 {¶ 2} On September 19, 2003, Zacharoula Matsa and Aristotle Matsa, for himself and on behalf of his minor daughter Eleftheria Matsa, filed a complaint in the Franklin County Court of Common Pleas against a number of parties, including Eleftheria's mother, Chrissoula Matsa. This complaint arose out of the alleged surveillance that Powers Investigation, Inc. conducted of the Matsa family at Chrissoula's request.
 {¶ 3} On June 2, 2004, the trial court conducted an oral hearing on the outstanding motions in the case. During that hearing, the trial court ordered the appointment of a guardian ad litem for Eleftheria. Further, the trial court ordered that the guardian ad litem be involved in any decision to voluntarily dismiss Eleftheria's claims.
 {¶ 4} However, before an entry was filed appointing a guardian ad litem, Aristotle, acting for Eleftheria, voluntarily dismissed all but one of Eleftheria's claims pursuant to Civ.R. 41(A). Finding the dismissal contrary to its orders, the trial court issued an entry on July 14, 2004 striking it. Additionally, the July 14, 2004 entry ordered attorney George Pappas and Aristotle to show cause why they should not be held in contempt for failing to abide by the trial court's orders.
 {¶ 5} On August 4, 2004, the trial court issued a number of judgment entries resolving pending issues in the case. Among these judgment entries was an entry appointing Linda F. Mosbacher as a guardian ad litem for Eleftheria and ordering plaintiffs to pay Ms. Mosbacher for her services.
 {¶ 6} On the same day, Aristotle, acting on Eleftheria's behalf, filed a notice of appeal from the trial court's July 14, 2004 entry. Then, on August 30, 2004, Aristotle, acting on Eleftheria's behalf, filed a notice of appeal from the trial court's August 4, 2004 entry. This court consolidated these two appeals.
 {¶ 7} On August 31, 2004, appellee James L. Dye filed a motion to dismiss the appeal from the trial court's July 14, 2004 entry for lack of jurisdiction. On September 22, 2004, appellees Powers Investigations, Inc., Michael Powers, Steven Powers and JoAnn Grubb filed a motion to dismiss both appeals for lack of jurisdiction. We will address these two motions together.
 {¶ 8} R.C. 2505.03 limits the jurisdiction of appellate courts to the review of final orders, judgments, and decrees. In order to determine whether an order is final and appealable, we must consider whether the order meets the requirements of R.C.2505.02 and, if applicable, Civ.R. 54. Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. Pursuant to R.C. 2505.02(B):
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(5) An order that determines that an action may or may not be maintained as a class action[.]
 {¶ 9} Appellees first argue that the trial court's July 14, 2004 entry striking the notice of voluntary dismissal and ordering Mr. Pappas and Aristotle to show cause is not a final appealable order. In response, appellants argue that the portion of the entry striking the notice of voluntary dismissal is final and appealable under R.C. 2505.02(B)(1) and, in support of this argument, point this court to Lovins v. Kroger Co.,150 Ohio App.3d 656, 2002-Ohio-6526. In Lovins, the plaintiffs-appellees filed a Civ.R. 41(A) notice of voluntary dismissal after an arbitration panel rendered a verdict for Kroger, the defendant-appellant. In response, Kroger filed a combined motion for judgment in accordance with the arbitration award and motion to strike the notice of voluntary dismissal. The trial court overruled this combined motion. Kroger then appealed, arguing that the trial court's refusal to strike the notice of voluntarily dismissal was a final appealable order pursuant to R.C. 2505.02(B)(1). The appellate court agreed, concluding that the order affected Kroger's substantial right to have judgment entered in its favor according to local court rules, and that the order determined the action and prevented a judgment in Kroger's favor.
 {¶ 10} The situation in Lovins is opposite from the one in this case. Here, rather than overrule a motion to strike a notice of voluntary dismissal, the trial court sua spontestruck such a notice from the record. Consequently, rather than determining the action and preventing a judgment, the July 14, 2004 order striking the notice of voluntary dismissal ensured that litigation of Eleftheria's claims would continue and left open the possibility of a judgment in her favor. Accordingly, that portion of the July 14, 2004 entry striking the notice of voluntary dismissal is not final and appealable pursuant to R.C.2505.02(B)(1). Further, we conclude that the portion of the July 14, 2004 entry striking the notice of voluntary dismissal is not final and appealable pursuant to any other subsection of R.C.2505.02(B).
 {¶ 11} Moreover, with regard to the portion of the July 14, 2004 entry ordering Mr. Pappas and Aristotle to show cause why they should not be held in contempt, we conclude that it also is not a final appealable order pursuant R.C. 2505.02(B). SeeHuntington Mortgage Co. v. Kelley, Ashland App. No. 02 CA 14, 2002-Ohio-5612, at ¶ 19-24 (trial court's order to show cause was not a final appealable order because the trial court neither made a finding of contempt nor imposed a penalty or sanction). Accordingly, because the entirety of the July 14, 2004 entry is not a final appealable order, we conclude that we do not have jurisdiction to review it.
 {¶ 12} Appellees next argue that the trial court's August 4, 2004 entry appointing Ms. Mosbacher as Eleftheria's guardian ad litem is not a final appealable order. We agree. Because the "appointment of a guardian ad litem and an order requiring a party pay a deposit for guardian ad litem fees do not fit within any definition set forth in R.C. 2505.02(B)," it is not a final appealable order. Davis v. Lewis (Feb. 18, 1999), Franklin App. No. 98AP-661. (Emphasis omitted.) Accordingly, we conclude that we do not have jurisdiction to review the August 4, 2004 entry either.
 {¶ 13} For the foregoing reasons, appellees' motions are granted, this appeal is dismissed, and the case is remanded to the trial court for further proceedings in accordance with law.
Appeal dismissed and case remanded.
Bowman and Brown, JJ., Concur.