OPINION
{¶ 1} Defendant-appellant Robert Kuzniak, Jr. appeals the decision of the Mahoning County Common Pleas Court, Juvenile Division, finding him in contempt. Three issues are raised in this appeal. The first issue is whether the trial court abused its discretion when it did not allegedly rule on certain issues. The second issue is whether the trial court's alleged imposition of a fine against Kuzniak for allegedly receiving a confidential guardian ad litem report indicates that the trial court was prejudiced against him. The third issue is whether the trial court erred when it found that Kuzniak must prepay filing fees prior to the Juvenile Clerk of Courts accepting any motion in that case for filing. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF THE CASE {¶ 2} This case originated in 1996 with the filing of a contested paternity complaint. The parties to the action are Nicole Midkiff and Robert Kuzniak, Jr. They have one child, a daughter, Chrysta Midkiff, d.o.b. 10/25/95.
 {¶ 3} Since the inception of this case, numerous filings have been made every year to date. The docket is 29 pages in length.
 {¶ 4} The necessary information for this appeal is that on July 21, 2005, after various motions had been filed, the parties entered into an agreement as to visitation and support. The agreement, in relevant part to this appeal, stated: 1) that both parties were responsible for transporting the child to extracurricular activities; 2) that Kuzniak would pay $1,000 by August 15, 2005, toward his child support arrearage, pay a minimum of $50 per month toward the arrearage, and both agreed to stay the contempt motion until the September 1, 2005 review hearing; 3) Kuzniak withdraws his motion to modify support and agrees that his support obligation is $176.55 per month with processing fee; 4) Kuzniak agreed to pay the Court costs; and 5) a review of the matter was set for hearing on September 1, 2005. 07/21/05 J.E. On September 1, 2005, the trial court issued a nunc pro tunc order of the July 21, 2005 judgment. The orders are exactly the same.
 {¶ 5} On August 22, 2005, prior to that September 1, 2005 hearing date, Kuzniak filed a motion for contempt. The basis of his motion was that Midkiff did not transport the child to the extracurricular activities when she was supposed to, that Midkiff leaves the child home alone unattended, and that Midkiff refused to accommodate Kuzniak in his attempt to contact the child by phone.
 {¶ 6} The review hearing was held on September 1, 2005. At that hearing, the trial court found that Kuzniak had purged himself of the contempt by following the July 21, 2005 order regarding child support arrearages. In addressing Kuzniak's motion for contempt, the trial court found that there were good reasons for Midkiff's failure to take the child to extracurricular activities. Consequently, it dismissed Kuzniak's contempt motion. The trial court then stated the following:
 {¶ 7} "The Court has had the opportunity to examine the docket in this matter, which is, of course, a public record. In a period of nine years, there has been twenty-seven pages of docket entries. To state that this is a litigious matter would be a gross understatement. There is a complete lack of communication on both sides, and although psychological evaluations have been ordered and counseling have been ordered, none of this has been accomplished.
 {¶ 8} "In addition, the Court finds that this is not a level playing field. On at least one occasion, the Court found that the Defendant was willfully underemployed. He works in-season for his father in the landscaping business and has had an income of $6,000 a year at one time. He could probably double this income by working at any fast food restaurant, however, he indicated that he had difficulty finding a job that did not interfere with his visitation. The Plaintiff works full time and apparently this does not interfere with her visitation. * * * The Defendant, based on his income, has filed many times with an affidavit of indigency, and also has had court-appointed counsel. Obviously, this requires that the Plaintiff retain counsel and then pay fees.
 {¶ 9} "Therefore, the Court orders the Clerk of the Mahoning County Juvenile Court not to accept any further pleadings of the Defendant without a prepayment of court costs. In addition, this Court will not appoint counsel for the Defendant in any future pleadings."
 {¶ 10} Kuzniak appeals from that order raising three assignments of error. Kuzniak filed a pro se brief. However, he failed to comply with App.R. 9. No transcript of the September 1, 2005 hearing was filed.
 FIRST ASSIGNMENT OF ERROR {¶ 11} "THE JUDGE OF THE TRIAL COURT ABUSED HIS DISCRETION WHEN HE DID NOT RULE ON THE ISSUES OF THE PARTIES MINOR CHILD BEING LEFT HOME ALONE AT THE AGE OF NINE YEARS OLD AND VIOLATIONS OF THE TELEPHONE CALL CLAUSE OF THE STANDARD ORDER OF VISITATION."
 {¶ 12} Kuzniak is correct that the trial court's journal entry does not speak directly to the issues Kuzniak raised in his contempt motion regarding leaving the minor child home alone for short periods of time and the problems Kuzniak was having with speaking to the child on the telephone. However, the journal entry definitively states that Kuzniak's motion for contempt was dismissed. 09/08/05 J.E. Thus, it could be concluded that the trial court found no merit with Kuzniak's arguments.
 {¶ 13} Regardless, even if this court were to conclude that the trial court's journal entry did not dispose of the above issues, Kuzniak's argument still fails. As stated in the statement of the case, Kuzniak did not provide this court with a transcript of the September 1, 2005 hearing. At that hearing, Kuzniak may have failed to raise the issues. It is completely unclear to this court what occurred at the hearing and whether Kuzniak preserved these issues. Without a transcript or App.R. 9 equivalent, we must presume the regularity of the Juvenile Court's proceedings. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 14} Therefore, given the fact that the record is incomplete, we are unable to find that the trial court abused its discretion. This assignment of error is without merit.
 SECOND ASSIGNMENT OF ERROR {¶ 15} "THE JUDGE OF THE TRIAL COURT ABUSED HIS DISCRETION AND PREJUDICED HIMSELF AGAINST DEFENDANT-APPELLANT BY FORCING HIM TO PAY FINES AND COURT COSTS OR SPEND 10 DAYS IN JAIL FOR CONTEMPT AND REPRIMANDING DEFENDANT-APPELLANT FOR RECEIVING A COPY OF A GAL REPORT THAT WAS MEANT TO BE CONFIDENTIAL."
 {¶ 16} In Kuzniak's brief he contends that because he received the guardian ad litem's confidential report by mistake the "judge levied an unfair and unnecessary fine and court costs on Defendant-Appellant, and did not hold it in abeyance pending further compliance. This showed that the trial court has prejudiced itself against defendant-Appellant."
 {¶ 17} As with the first assignment of error, we have no record of the hearing on September 1, 2005. As there is nothing in the record indicating what occurred with the guardian ad litem report, we have nothing to review. Nothing in the incomplete record before this court shows that the juvenile court was prejudiced against Kuzniak or that he was allegedly punished for obtaining a copy of the guardian ad litem's report. As such, we must presume the regularity of the proceedings, i.e. that the juvenile court was not prejudiced against him and did not commit error.
 {¶ 18} Furthermore, the September 8, 2005, entry does not "fine" Kuzniak. Thus, even if we were to presume that Kuzniak's statement of the case was correct and did provide evidence that on September 1, 2005, the trial court reprimanded him for receiving the confidential guardian ad litem report, nothing in the record indicates that he was fined for such action.
 {¶ 19} That said, in the July 21, 2005 journal entry and September 1, 2005 nunc pro tunc order, the trial court did issue a fine against Kuzniak. It stated:
 {¶ 20} "The Court hereby orders Defendant to pay a $50 fine pursuant to Magistrate's Decision dated February 13, 2004. In addition, Defendant is also required to pay Court costs in the amount of $64.00. The above amounts are to be paid within ten (10) days."
 {¶ 21} However, it cannot logically be concluded that this fine is what Kuzniak is referencing. He cannot claim that the trial court learning of his receipt of the guardian ad litem report at the September 1, 2005 hearing resulted in the trial court's issuance of a fine against him in the previous month. That is an illogical argument. While admittedly the September 1, 2005 nunc pro tunc order was probably filed after the September 1, 2005 hearing, this order did not change or alter the previous order of July 21, 2005.
 {¶ 22} Regardless, even if that is the fine Kuzniak is complaining of, his argument is untimely. If Kuzniak wanted to appeal the trial court's issuance of the $50 fine, he was required to file a timely appeal from that order. In the instant matter, his notice of appeal was filed October 7, 2005. If he wished to appeal the fine, his appeal should have been filed within 30 days of the order. The appeal was not filed within 30 days of the original order or within 30 days of the nunc pro tunc order. As such, the instant appeal does not timely raise the issue of the $50 fine. Considering all the above, this assignment of error lacks merit.
 THIRD ASSIGNMENT OF ERROR {¶ 23} "THE JUDGE OF THE TRIAL COURT ERRED AS A MATTER OF LAW BY FORCING THE DEFENDANT-APPELLANT, AN INNOCENT INDIGENT, TO PAY COURT COSTS BEFORE ANY FUTURE PLEADINGS CAN BE ACCEPTED."
 {¶ 24} The language of the trial court's September 8, 2005 journal entry is referenced above. That language indicates that Kuzniak is required to prepay court costs prior to any filings in that case number. The trial court did not name Kuzniak a vexatious litigator (R.C. 2323.52), however, due to the filings in that case and the fact that Kuzniak has been underemployed on more than one occasion, the trial court appears to be trying to prevent him from filing frivolous motions in that case.
 {¶ 25} In 1992, the Second Appellate District faced a similar situation to the one before this court. White v. Detroit DieselAllison Engine Plant Truck and Bus/GM Corp. Div. (Oct. 8, 1992), 2d Dist. No. 13178. It stated:
 {¶ 26} "There is scant precedent in Ohio addressing whether a trial court has the authority to foreclose a litigant's access to that court by permanently prohibiting in forma pauperis filings. However, federal courts have routinely held that courts may circumscribe in forma pauperis filings under the inherent power to protect against malicious and frivolous filings. See Green v.Carlson (5th Cir. 1981), 649 F.2d 285; Procup v. Strickland
(11th Cir. 1986), 792 F.2d 1069.
 {¶ 27} "The United States Supreme Court has likewise permanently prohibited a litigant, who repeatedly filed petitions for extraordinary writs, from proceeding in forma pauperis. Inre McDonald (1989), 489 U.S. 180. The court did so in order to discourage the litigant's numerous frivolous petitions. Id. The court gave the following rationale:
 {¶ 28} "`. . . paupers filing pro se petitions are not subject to the financial considerations — filing fees and attorney fees that deter other litigants from filing frivolous petitions. Every paper filed with the clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of this Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end. Although we have not done so previously, lower courts have issued orders intended to curb serious abuses by persons proceeding in forma pauperis.' Id. at 996.
 {¶ 29} "On review, the denial of a motion to proceed in forma pauperis is subject to an abuse of discretion standard. Venablev. Myers (9th Cir. 1974), 500 F.2d 1215, 1216; Peck v. Hoff
(8th Cir. 1981), 660 F.2d 371, 374. See, also, Eubank v.Doneghy (June 9, 1989), Lucas App. No. L-88-193, unreported.
 {¶ 30} "In its discretion, a court may impose restrictions upon recalcitrant litigants who file numerous, frivolous and/or malicious claims. Eubank, supra, citing Procup, supra, at 1072-1073, has held that permissible restrictions include, but are not limited to, the following:
 {¶ 31} "(1) enjoining prisoner litigants from relitigating specific claims arising from the same set of factual circumstances;
 {¶ 32} "(2) requiring litigants to accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;
 {¶ 33} "(3) directing the litigant to attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district;
 {¶ 34} "(4) directing the litigant to seek leave of the court before filing pleadings in any new or pending lawsuit;
 {¶ 35} "(5) permitting abusive prisoner litigants to file in forma pauperis only claims alleging actual or physical harm; requiring payment of a filing fee to bring other claims;
 {¶ 36} "(6) limiting the number of pages to a complaint and other pleadings;
 {¶ 37} "(7) requiring a plaintiff to file an affidavit setting forth what attempts he has made to obtain an attorney to represent him;
 {¶ 38} "(8) limiting further pleadings without order of court, after the complaint has been filed.
 {¶ 39} "* * *
 {¶ 40} "Clearly, a blanket prohibition against proceeding in forma pauperis would not pass constitutional muster. However, when, as here, a very narrowly drawn restriction is imposed on a litigant's right to proceed in forma pauperis, such a restriction is within the court's discretion. See In re McDonald, supra.
 {¶ 41} "In this case, the court's restriction upon Mrs. White's right to proceed in forma pauperis was very narrowly drawn. It implicated only certain parties, i.e. GM, its employees or subdivisions, and Curtis White, and certain subject matter, i.e. Mrs. White's entitlement to GM health benefits as Curtis White's spouse. No other restrictions have been imposed upon Mrs. White's right to file in forma pauperis. Thus, we cannot say that the court's order to the Clerk of Courts impermissibly restricted Mrs. White's access to the trial court. We note that Mrs. White remains free to file actions in forma pauperis which do not raise an issue pertaining to her entitlement to spousal benefits under Curtis White's employee benefits plan with GM." Id.
 {¶ 42} We find the restriction at issue sufficiently limited. The journal entry discusses only the case at hand and explains that this has not been a level playing field for Midkiff due to the numerous motions and Kuzniak's unemployment, which in one case was found to be willful. This order speaks only to future filings in this case, not to future filings in other cases or cases outside the Juvenile Court. These factors render the order of the Juvenile Court in this case sufficiently limited. Thus, this assignment of error lacks merit.
 {¶ 43} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.