OPINION
{¶ 1} Defendant-appellant Robert Kuzniak, Jr. filed a timely notice of appeal from the Mahoning County Common Pleas Court, Juvenile Division's April 3, 2006 journal entry. Kuzniak's brief fails to make any intelligible arguments concerning the appealed from entry. For the reasons stated below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF CASE {¶ 2} The facts in this case are similar to the facts inMidkiff v. Kuzniak, 05MA181 (the other Kuzniak appeal pending before this court). The case originated in 1996 with the filing of a contested paternity complaint. The parties to the action are Nicole Midkiff and Robert Kuzniak, Jr. They have one child, Chrysta, d.o.b. 10/25/95.
 {¶ 3} Since the inception of this case, numerous filings have been made every year to date. The docket is now 33 pages in length and has a total of 289 entries. (05MA181 showed the docket as roughly 29 pages in length.)
 {¶ 4} Necessary information for understanding the current judgment being appealed from is that on March 22, 2006, Kuzniak filed a Motion to Show Cause Why Plaintiff Nicole J. Midkiff Should not be Held in Contempt of Court, Motion for Appointment of Counsel and Motion for Expedited Hearing. The juvenile court, based upon its prior ruling of September 8, 2005 (which was appealed from in 05MA181) dismissed the March 22, 2006 motions. 04/03/06 J.E. Kuzniak timely appeals from that order.
 ASSIGNMENT OF ERROR {¶ 5} "THE JUDGE OF THE TRIAL COURT DISCRIMINATED AGAINST DEFENDANT-APPELLANT AND ERRED AS A MATTER OF LAW WHEN HE DID NOT PROMPTLY ADDRESS THE APPEALS MATTERS, BEFORE HAVING ADDRESSED THE MATTER OF CONTEMPT."
 {¶ 6} First, procedurally it is noted that Kuzniak's brief fails to comply with App.R. 16(A)(7). This subsection states his brief must include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citation to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 7} Kuzniak has cited no statutes, cases or portions of the record in which he relies on to support his position. This alone is reason to affirm the juvenile court's order. Kremer v. Cox
(1996), 114 Ohio App.3d 41, 60. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Id.
 {¶ 8} Moreover, after reading appellant's assignment of error and the arguments made under that assignment of error, it is unclear what error appellant is claiming occurred in the April 3, 2006 journal entry. His "argument" mostly vents about his belief that Judge Reader, who is the judge sitting by assignment as the juvenile court judge in this case, is biased against him. Thus, possibly one could construe his "brief" as seeking the disqualification of Judge Reader.
 {¶ 9} However, even if Kuzniak did provide any justified reason (other than his opinion), we have no authority to render such determination. The Ohio Constitution vests the sole authority for determining the disqualification of a judge of a court of common pleas in the Chief Justice of the Supreme Court of Ohio. Section 5(C), Article IV, Ohio Constitution; State v.Hughbanks, 1st Dist. No. C-010372, 2003-Ohio-187, at ¶ 7-8, citing Beer v. Griffith (1978), 54 Ohio St.2d 440. If a party believes that a judge of a court of common pleas should be disqualified from considering a matter, the party must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio pursuant to R.C. 2701.03. A court of appeals is without authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. Statev. Ramos (1993), 88 Ohio App.3d 394, 398, citing Beer,54 Ohio St.2d at 441-442; Hughbanks, 2003-Ohio-187, at ¶ 8.
 {¶ 10} Thus, if we construe Kuzniak's argument as a request for disqualification, we have no power to make such determination. The only other possible way to construe Kuzniak's argument is that he finds fault with the juvenile court's use of its prior September 8, 2005 journal entry as justification to dismiss the March 6, 2006 motions. This can be derived from reading the journal entry and the fact that in dismissing the March 6, 2006 motions, the juvenile court relies solely on its prior decision. If the argument is construed that way, it still fails because the argument is addressed and should be resolved in 05MA181. Thus, any additional argument he has against the September 8, 2005 judgment entry should have been made in 05MA181.
 {¶ 11} Lastly, it is noted that Kuzniak is asking this court to "to read the complete file and make a sound judgement [sic] based upon the presented inside." Kuzniak is asking this court for a free for all. As stated above, it is not the job of this court to find errors and make arguments for Kuzniak. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor
(Feb. 9, 1999), 9th Dist. No. 2783-M. See, also, App.R. 16(A)(7).
 {¶ 12} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.