OPINION *Page 2 
{¶ 1} Defendant-appellant, Robert Kuzniak, Jr., appeals from a Mahoning County Common Pleas Court, Juvenile Division decision finding him in contempt for failure to pay child support.
 {¶ 2} This case originated in 1996 when plaintiff-appellee, Nicole Midkiff filed a contested paternity complaint against appellant. It was determined that appellant is the father of appellee's daughter Chrysta (d.o.b. 10/25/95).
 {¶ 3} Since that time, this case has been ongoing. The docket now reaches 45 pages and this is the third time the case has been before us on appeal. See Midkiff v. Kuzniak, 7th Dist. No. 06-MA-181,2006-Ohio-6249; Midkiff v. Kuzniak, 7th Dist. No. 06-MA-66,2006-Ohio-6243.
 {¶ 4} Relevant to this appeal, contempt proceedings were initiated against appellant for failure to comply with his support order.
 {¶ 5} The juvenile court held a contempt hearing on September 5, 2006. The court found that appellant failed to pay his support on a monthly basis and made no payments in the first part of 2006. It further found appellant had no legitimate excuse for nonpayment. Therefore, the court found appellant in contempt and sentenced him to 30 days in jail. The court stayed the sentence on the condition that appellant pay his arrearage of $2,660.45 by November 30, 2006, and maintain his regular payments.
 {¶ 6} Appellant filed a timely notice of appeal on October 4, 2006.
 {¶ 7} Appellant's first assignment of error states:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ALLOW THE PLAINTIFF-APPELLEE ONLY TO BRING FORTH HER SUPPORT ARREARAGE COMPLAINT."
 {¶ 9} Appellant basically argues here that the Mahoning County Child Support Enforcement Agency (CSEA) has sided with appellee in this matter and that this is unfair to him. He further states that the court is "mother friendly."
 {¶ 10} Appellant has not made any argument here capable of our review. His allegations that the CSEA and the court are prejudiced against him are simply his *Page 3 
opinion. Pursuant to App.R. 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities,statutes, and parts of the record on which appellant relies." (Emphasis added.) This was also the case in one of appellant's previous appeals:
 {¶ 11} "Kuzniak has cited no statutes, cases or portions of the record in which he relies on to support his position. This alone is reason to affirm the juvenile court's order. Kremer v. Cox (1996),114 Ohio App.3d 41, 60 [, 682 N.E.2d 1006]." Midkiff, 2006-Ohio-6243, at ¶ 7.
 {¶ 12} Accordingly, appellant's first assignment of error is without merit.
 {¶ 13} Appellant's second assignment of error states:
 {¶ 14} "THE TRIAL COURT JUDGE ERRED AS A MATTER OF LAW BY FAILING TO RECUSE HIMSELF FROM HEARING OF THE MATTER UPON DEMAND OF DEFENDANT-APPELLANT."
 {¶ 15} Here appellant asserts that the trial court judge should have recused himself because prior entries from his court are pending on appeal and appellant has filed a complaint about his judicial practices.
 {¶ 16} R.C. 2701.03(A) provides the procedure to request the disqualification of a common pleas court judge from presiding over a case. It states:
 {¶ 17} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 18} The affidavit referred to in R.C. 2701.03(A) shall: (1) include specific allegations on which the claim is based and facts to support the allegations; (2) be *Page 4 
notarized; (3) contain a certificate indicating that a copy of the affidavit has been served on the judge against whom the affidavit is filed and on all other parties; and (4) state the date of the next scheduled hearing in the proceeding. R.C. 2701.03(B).
 {¶ 19} In this case, there is no indication in the record that appellant followed this procedure or filed the appropriate affidavit.
 {¶ 20} As we stated in one of appellant's prior appeals:
 {¶ 21} "The Ohio Constitution vests the sole authority for determining the disqualification of a judge of a court of common pleas in the Chief Justice of the Supreme Court of Ohio. Section 5(C), Article IV, Ohio Constitution; State v. Hughbanks, 1st Dist. No. C-010372, 2003-Ohio-187, at ¶ 7-8, citing Beer v. Griffith (1978), 54 Ohio St.2d 440. If a party believes that a judge of a court of common pleas should be disqualified from considering a matter, the party must file an affidavit of disqualification with the clerk of the Supreme Court of Ohio pursuant to R.C. 2701.03. A court of appeals is without authority to consider an error regarding the recusal or disqualification of a judge of the court of common pleas. State v. Ramos (1993), 88 Ohio App.3d 394, 398, citingBeer, 54 Ohio St.2d at 441-442; Hughbanks, 2003-Ohio-187, at ¶ 8."Midkiff, 2006-Ohio-6243, at ¶ 9.
 {¶ 22} Thus, we have no power to consider whether the trial court judge should have recused himself. Accordingly, appellant's second assignment of error is without merit.
 {¶ 23} Appellant's third assignment of error states:
 {¶ 24} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO DISMISS THE SERVICE OF DEFENDANT-APPELLANT'S ATTORNEY UPON DISPLAY OF IRRECONCILABLE DIFFERENCES BETWEEN DEFENDANT-APPELLANT AND THE ATTORNEY."
 {¶ 25} Appellant contends here that the court should have allowed his court-appointed attorney to withdraw. He cites to Juv.R. 4(F) for support, which provides that an attorney in a juvenile proceeding may withdraw only with the consent of the court upon good cause shown. However, appellant gives no reasons why the court *Page 5 
should have granted this request or what his good cause might have been. He simply states that the record reflects irreconcilable differences.
 {¶ 26} Appellant failed to file a transcript of the hearing or an appropriate transcript substitute. The appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript. App.R. 9(B); Burrell v. Kassicieh (1998),128 Ohio App.3d 226, 232, 714 N.E.2d 442, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. If no transcript is available, then it is the appellant's duty to present this court with one of the transcript substitutes as provided for in App.R. 9(C). App.R. 9(B). Since appellant failed to file a transcript or transcript substitute, we are left to consider this appeal based solely on the information in the record.
 {¶ 27} The only information contained in the record on this matter is the trial court's judgment entry. It states that at the hearing, appellant's counsel indicated that he had some disagreement with appellant and that appellant stated he wished to discharge his attorney and have the court appoint new counsel. The court stated that it overruled this request and proceeded with the hearing.
 {¶ 28} Without more to go on, there is no way this court can determine whether appellant or his counsel presented good cause for the court to permit counsel to withdraw. Given the lack of transcript or any reasons why the court should have permitted counsel to withdraw, we have no choice but to presume the trial court acted properly in denying appellant's request to discharge his counsel. Accordingly, appellant's third assignment of error is without merit.
 {¶ 29} Appellant's fourth assignment of error states:
 {¶ 30} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO ALLOW A REASONABLE AMOUNT OF TIME FOR A DEFENSE TO BE PREPARED."
 {¶ 31} Appellant states that he requested a continuance on August 31, 2006, which the court granted until September 5, 2006. Appellant argues that because the *Page 6 
continuance spanned Memorial Day weekend (presumably he meant Labor Day weekend), "no government office could assist * * * [him] in securing [t]he vital material needed for his defense."
 {¶ 32} On August 31, 2006, the court held a hearing at which it appointed counsel for appellant. Counsel then requested a continuance so that he could examine the file and properly represent appellant. The court granted the continuance and set the matter for hearing on September 5, 2006. There is no indication that appellant requested the continuance in order to go to a "government office" to obtain materials needed for his defense. Nor is there any indication that appellant requested an additional continuance on September 5 when the matter proceeded to hearing. Thus, appellant cannot now complain that he needed a longer continuance when there is no evidence that he requested one from the trial court.
 {¶ 33} Furthermore, August 31, 2006, was a Thursday. September 5, 2006, was the following Tuesday. And while government offices would have been closed on that Saturday, Sunday, and Monday, if appellant needed the assistance of a government office, he could have gone there on Thursday, after the court put on the order of continuance, or on Friday.
 {¶ 34} Accordingly, appellant's fourth assignment of error is without merit.
 {¶ 35} Appellant's fifth assignment of error states:
 {¶ 36} "THE TRIAL COURT ERRED AS A MATTER OF LAW NOT GIVING DEFENDANT-APPELLANT TIME TO PURGE CURRENT CONTEMPT OF COURT."
 {¶ 37} Appellant claims that the court did not provide him with an opportunity to purge the contempt finding against him. He contends that the court's order for him to pay nearly $3,000 within 90 days was "ridiculous." Appellant claims that the court failed to determine exactly what amount his arrearage was. He asserts the court should have calculated his arrearage and charged him that amount to purge his contempt. Finally, appellant alleges that the judge has a "personal dislike" of him and that "based on the thickness of the file that has gone through so many judges that it *Page 7 
that it itself is a testament to the inadequacy of the judicial system in the Mahoning County Juvenile Court."
 {¶ 38} Contrary to appellant's assertion, in its judgment entry the court clearly found that appellant's arrearage totaled $2,660.45. The court then sentenced appellant to 30 days in jail and suspended the sentence on the condition that appellant pay his arrearage by November 30, 2006, and stay current in his support. Appellant had approximately three months to pay his arrearage. Thus, the court calculated the exact amount of appellant's arrearage and gave appellant the opportunity to purge his contempt by paying his arrearage.
 {¶ 39} Furthermore, appellant's argument regarding the court's personal dislike of him is, as it was in his first assignment of error, merely appellant's opinion and is not supported by citations to the record, case law, statutes, or any other authority as is required by App.R. 16(A)(7).
 {¶ 40} Accordingly, appellant's fifth assignment of error is without merit.
 {¶ 41} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs
 DeGenaro, P.J., concurs. *Page 1