OPINION
{¶ 1} Defendant-appellant, Robert Kuzniak, Jr., appeals from Mahoning County Common Pleas Court, Juvenile Division judgments denying his motion for a modification of visitation/custody, denying his motion to require plaintiff-appellee, Nicole Midkiff, to show cause why she should not be held in contempt, and denying his request for findings of fact and conclusions of law.
 {¶ 2} This case originated in 1996 when appellee filed a contested paternity complaint against appellant. It was determined that appellant is the father of appellee's daughter Chrysta (d.o.b. 10/25/95).
 {¶ 3} Since that time, this case has been ongoing. The docket now exceeds 45 pages and this is the fourth time the case has been before us on appeal. See Midkiff v. Kuzniak, 7th Dist. No. 06-MA-155,2007-Ohio-5936; Midkiff v. Kuzniak, 7th Dist. No. 06-MA-181,2006-Ohio-6249; Midkiff v. Kuzniak, 7th Dist. No. 06-MA-66,2006-Ohio-6243.
 {¶ 4} After appellant's last appeal, appellee filed a motion requesting that the court terminate appellant's standard order of visitation and instead grant appellant restricted supervised visitation and requesting an in-camera interview of the parties' daughter. Appellant then filed a multi-branch motion requesting, among other things: (1) that the court order appellee to immediately provide him visiting time with their daughter or be held in contempt; (2) a modification of visitation to increase his visitation time or a change in custody naming him as the residential parent; and (3) a show cause hearing to determine if appellee was in contempt of the visitation order.
 {¶ 5} Before ruling on the parties' motions, the trial court held a hearing to determine whether appellant had paid his child-support arrearage. The trial court had previously ordered that appellant pay his arrearage or serve a 30-day jail sentence for contempt. The court found that appellant had been given an additional 13 months to pay his $2,660.45 arrearage and that he had not done so. Therefore, it ordered appellant to serve the previously ordered 30-day jail sentence.
 {¶ 6} Next, the court held a hearing on the parties' motions. It entered its judgment on February 19, 2008. The court made the following orders. The *Page 2 
praecipes for subpoenas filed by appellant were not in compliance with Juv. R. 17(C) and were therefore dismissed. Appellee's motion for an in-camera interview of the parties' daughter was granted and the court conducted the interview that day. Appellant's motion for a psychological evaluation of all parties was granted. Appellant's motion for modification of visitation/custody was denied as moot. Appellee's motion for restricted supervised visitation was denied as moot. The court's standard order of visitation was to continue.
 {¶ 7} On February 27, 2008, appellant filed a motion for findings of fact and conclusions of law. On March 24, the trial court found that appellant's motion failed to identify what decision appellant was seeking findings of fact and conclusions of law from. The court further found that it appeared appellant was attempting to have the court issue findings relative to the contempt orders concerning appellee. However, the court found that his motion was devoid of specific citations as to any judgment entry. Finally, the court found that there were no current judgment entries to which Civ. R. 52 findings of fact and conclusions of law would apply. Thus, the court denied appellant's motion.
 {¶ 8} Appellant filed a single notice of appeal from both the February 19 and the March 24 judgment entries.
 {¶ 9} Appellant, acting pro se, raises two assignments of error, the first of which states:
 {¶ 10} "THE TRIAL JUDGE ABUSED HIS DISCRETION BY ARBITRARILY DENYING DEFENDANT-APPELLANT HIS DUE PROCESS RIGHTS."
 {¶ 11} Appellant argues here that the trial court somehow denied him due process regarding his motion for modification of custody and to show cause why appellee should not be held in contempt. He asserts that the trial court should not have dismissed his motions without holding a trial on them. He further asserts that the trial court should have honored his subpoenas despite their non-compliance with the applicable Civil Rules because he was acting pro se and should have been afforded more latitude. He also argues that the trial court erred in failing to issue *Page 3 
findings of fact and conclusions of law upon his request.
 {¶ 12} In response, appellee contends that part of the trial court's judgment from which appellant now appeals is not a final appealable order. She points out that a show cause order is not a final, appealable order when the trial court does not make a finding of contempt and does not impose any type of sanctions. Citing, Matsa v. Michael PowersInvestigations, Inc., 10th Dist. Nos. 04AP-807, 04AP-880,2004-Ohio-5948, at ¶ 11.
 {¶ 13} Appellee is correct. "Absent a showing of prejudice to the party making the contempt motion, contempt is essentially a matter between the court and the person who disobeys a court order or interferes with court processes." Denovchek v. Board of Trumbull CountyCom'rs (1988), 36 Ohio St.3d 14, 17, 520 N.E.2d 1362. Thus, "there is no right of appeal from the dismissal of a contempt motion when the party making the motion is not prejudiced by the dismissal." Id.
 {¶ 14} Here appellant has not demonstrated that he has suffered any prejudice as a result of the court's dismissal of his motion. His motion was to hold appellee in contempt for violating the court's order of visitation. In its February 19 judgment entry, the trial court re-emphasized that the parties were to abide by its standard order of visitation, which was to commence the following day. Thus, appellee presumably complied with this order and appellant has had standard visitation with his daughter since that time. Therefore, the portion of the trial court's judgment dismissing appellant's motion to show cause why she should not be held in contempt is not a final appealable order.
 {¶ 15} Yet we still must consider appellant's arguments as they apply to the court's judgment dismissing his motion for a modification of visitation/custody.
 {¶ 16} Appellant argues that the trial court erred in deciding not to honor his subpoenas. The trial court found that the subpoenas did not comply with Juv. R. 17(C), which provides:
 {¶ 17} "A subpoena may be served by a sheriff, bailiff, coroner, clerk of court, constable, probation officer, or a deputy of any, by an attorney or the attorney's *Page 4 
agent, or by any person designated by order of the court who is not a party and is not less than eighteen years of age. Service of a subpoena upon a person named in the subpoena shall be made by delivering a copy of the subpoena to the person, by reading it to him or her in person, or by leaving it at the person's usual place of residence, and by tendering to the person upon demand the fees for one day's attendance and the mileage allowed by law. The person serving the subpoena shall file a return of the subpoena with the clerk."
 {¶ 18} The trial court was not specific as to how the subpoenas did not comply with Juv. R. 17(C). However, a review of the subpoenas reveals that appellant himself attempted to serve them. The first sentence of Juv. R. 17(C) provides a list of those authorized to serve subpoenas. A party is not listed as one of those people. In fact, the rule states that any person designated by the court who is not a party may serve a subpoena. Thus, it seems that this defect is what the court was referring to.
 {¶ 19} Appellant contends that because he acted pro se, he was entitled to greater latitude in this matter. But pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same standards as litigants who retain counsel.Wesbanco Bank Barnesville v. Balcar (Dec. 21, 2001), 7th Dist. No. 00-BA-36; Sabouri v. Ohio Dept. of Job Family Serv. (2001),145 Ohio App.3d 651, 654, 763 N.E.2d 1238. Thus, the trial court did not err in holding appellant to the same standards as it would hold an attorney.
 {¶ 20} Appellant further argues that the trial court failed to provide him with findings of fact and conclusions of law from the February 19 judgment entry.
 {¶ 21} In the court's March 24 judgment denying this motion, it stated that appellant failed to identify what decision he was seeking findings of fact and conclusions of law from and that there were no current judgment entries to which Civ. R. 52 would apply.
 {¶ 22} The trial court was partially incorrect. In his motion for findings of fact and conclusions of law, appellant states in the first sentence that he "moves this court for a legal explanation for its ruling concerning the dismissal of Defendant's Motion to *Page 5 
Modify Visitation/Custody, and Motion to Show Cause." Thus, although not identified by date of entry, appellant did identify the judgment from which he wished the court to enter findings of fact and conclusions of law.
 {¶ 23} But the trial court was also partially correct. After stating which judgment he was requesting findings of fact and conclusions of law from, appellant then went into an argument concerning his prior contempt finding and jail sentence and why appellee has not been ordered to serve any jail time.
 {¶ 24} Civ. R. 52 provides in part:
 {¶ 25} "When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."
 {¶ 26} Here questions of fact were not tried by the court so as to invoke Civ. R. 52's findings of fact and conclusions of law provision. As to appellant's motion to show cause, the court simply denied the motion. As to his motion for modification of visitation/custody, the court stated that the motion was denied as being moot. As to some of the other motions at issue, the trial court granted appellee's motion for an in-camera interview of the child. It also granted appellant's motion for a psychological evaluation of all parties. And the court ruled that appellee's motion for restricted supervised visitation was also moot. Additionally, it granted appellant's motion for a manual audit of his child support. The court further scheduled a hearing to review the manual audit and psychological evaluations.
 {¶ 27} Given the court's rulings on all of the motions, the court was not prepared to make a finding that visitation/custody should be modified at this point. Not only did the court find that appellant's motion for modification of visitation/custody was moot, it also found that appellee's motion for restricted supervised visitation was also moot. Additionally, the court ordered that all parties undergo psychological *Page 6 
evaluations, ordered a manual audit of appellant's child support payments, and set the matter for a future hearing. Presumably, these would be factors the court would consider in determining if visitation/custody should be modified.
 {¶ 28} Moreover, appellant has failed to file a copy of the transcript of the hearing at which his motions were addressed. The appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is the appellant's duty to provide the reviewing court with an adequate transcript. App. R. 9(B); Burrell v.Kassicieh (1998), 128 Ohio App.3d 226, 232, 714 N.E.2d 442, citingKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384. Without a transcript, we can only presume from the court's judgment entry that it did not try any questions of fact. A court of record speaks only through its judgment entries. In re Cunningham (Dec. 12, 2001), 7th Dist. No. 01-527-CA.
 {¶ 29} Appellant further argues that the trial court erred in not holding a trial on his motion. But as just discussed, the trial court set this matter for a later hearing to be held after there has been a manual audit of appellant's child support payments and all parties have undergone psychological evaluations.
 {¶ 30} Accordingly, appellant's first assignment of error is without merit.
 {¶ 31} Appellant's second assignment of error states:
 {¶ 32} "THE TRIAL JUDGE ABUSED HIS DISCRETION BY DISCRIMINATING AGAINST APPELLANT REV. ROBERT S. KUZNIAK JR."
 {¶ 33} Here appellant argues that the trial court discriminated against him. He bases this claim on the fact that it ordered him to serve a 30-day jail sentence when he was found in contempt. Yet appellant alleges that appellee has denied him visitation on at least five occasions, which he asserts constitute contempt, with no resulting sanctions by the court.
 {¶ 34} Appellant has not presented an alleged error capable of our review in this assignment of error. Appellant's allegation that the trial court discriminated against him is simply his opinion. Pursuant to App. R. 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect *Page 7 
to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes,and parts of the record on which appellant relies." (Emphasis added.) This was also the case in two of appellant's previous appeals:
 {¶ 35} "Kuzniak has cited no statutes, cases or portions of the record in which he relies on to support his position. This alone is reason to affirm the juvenile court's order. Kremer v. Cox (1996),114 Ohio App.3d 41, 60[, 682 N.E.2d 1006]." Midkiff, 2007-Ohio-5936, at ¶ 11;Midkiff, 2006-Ohio-6243, at ¶ 7.
 {¶ 36} Furthermore, appellant's allegation that appellee has violated the court's visitation order on numerous occasions is again, simply his opinion. He has not cited to any contempt findings against appellee on the record for support.
 {¶ 37} And appellant takes issue with the court's finding him in contempt and the sanctions it imposed. However, the contempt judgment entry is not at issue in this appeal.
 {¶ 38} Accordingly, appellant's second assignment of error is without merit.
 {¶ 39} For the reasons stated above, the trial court's judgment is hereby affirmed.
 Waite, J., concurs. DeGenaro, J., concurs. *Page 1