[Cite as *Midkiff v. Kuzniak*, 2010-Ohio-2531.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NICOLE MIDKIFF, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-104 |
| | ) | |
| ROBERT KUZNIAK, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas, Juvenile Division, of Mahoning County, Ohio
Case No. 96JI907

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    No brief filed

For Defendant-Appellant    Rev. Robert S. Kuzniak, Jr., pro-se
1865 Basil Avenue
Poland, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 4, 2010

DONOFRIO, J.

{¶1} Defendant-appellant, Robert Kuzniak, appeals from a Mahoning County Common Pleas Court judgment disposing of various motions filed by appellant and plaintiff-appellee, Nicole Midkifff. Specifically, in the judgment entry appealed from, the trial court addressed an audit by the Mahoning County Child Support Enforcement Agency, denied appellant's motion to compel discovery, modified its prior order with respect to guardian ad litem fees, and granted appellee's motion to modify the standard order of visitation.

{¶2} This case originated in 1996 when appellee filed a contested paternity complaint against appellant. It was determined that appellant is the father of appellee's daughter Chrysta (d.o.b.10/25/95).

{¶3} Since that time, this case has been ongoing due to various motions filed by the parties. This is the fifth time the case has been before us on appeal. See *Midkiff v. Kuzniak*, 7th Dist. No. 08-MA-74, 2008-Ohio-6356; *Midkiff v. Kuzniak,* 7th Dist. No. 06-MA-155, 2007-Ohio-5936; *Midkiff v. Kuzniak,* 7th Dist. No. 06-MA-181, 2006-Ohio-6249; *Midkiff v. Kuzniak,* 7th Dist. No. 06-MA-66, 2006-Ohio-6243.

{¶4} The facts relevant to the present appeal are as follows.

{¶5} Appellant filed a multi-branch motion on December 5, 2008, which included motions for an emergency expedited hearing, for a hearing to replace the guardian ad litem, to show cause, for modification of visitation/custody, to rescind a license suspension lien, to review psychologist reports, and for physical/psychological examinations. He later withdrew his motions for modification of visitation/custody and for physical/psychological examinations.

{¶6} On January 15, 2009, appellee filed motions for an in-camera interview of the minor child, for a guardian ad litem report, and to terminate the standard order of visitation.

{¶7} On February 6, 2009, the trial court held a hearing. At the hearing the court referenced an audit of the Mahoning County Child Support Enforcement Agency (CSEA) records for appellant's child support payments. (Feb. Tr. 12). It noted that it had ordered an audit from CSEA and that appellant had asked for a

hearing on the issue. (Feb. Tr. 12). The court and appellant seemed ready to proceed but apparently CSEA had not yet prepared the audit. (Feb. Tr. 33). The court then granted appellant's motion to review a psychologist report. (Feb. Tr. 15). Next, the court addressed appellee's motions for an in-camera interview of the child and to terminate visitation. (Feb. Tr. 19-20). It stated that it would proceed on those motions at a later time. (Feb, Tr. 20-21). Finally, the court determined that it would conduct an in-camera interview of the child and have the guardian ad litem issue a report. (Feb. Tr. 37).

{¶8} On April 21, 2009, the trial court entered a judgment. It noted that it had conducted an in-camera interview of the child. It set the matter for an evidentiary hearing on appellee's motion to modify the standard order of visitation. And it modified the standard order of visitation pending the evidentiary hearing setting three specific visits for appellant with his daughter.

{¶9} A hearing was held on May 15. At the hearing, a CSEA audit specialist testified regarding an audit she performed per the court's order. She stated that it revealed appellant's account was current. Next, the court heard arguments and determined that it would deny appellant's motion to compel the discovery of appellee's income tax returns. The court then heard from the child's guardian ad litem, who recommended visits with appellant continue. The court additionally discussed with the parties the amount they were to deposit to pay the guardian ad litem.

{¶10} The resulting judgment entry addressed the CSEA audit, denied appellant's motion to compel discovery, modified its prior order with respect to guardian ad litem fees, and granted appellee's motion to modify the standard order of visitation. As to visitation, the court ordered that appellant was to have visitation with his daughter every Wednesday for two hours and also every Saturday from 9:00 a.m. until 8:00 p.m. throughout summer vacation. At the conclusion of summer vacation, appellant's weekend visits would switch to every Sunday from 9:00 a.m. until 6:00 p.m.

**{¶11}** Appellant filed a timely notice of appeal on June 9, 2009.

**{¶12}** Appellant, acting pro se, raises four assignments of error, the first of which states:

**{¶13}** "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO TIMELY RESPOND TO MOTIONS FILED BY APPELLANT KUZNIAK."

**{¶14}** Appellant contends that he was unaware of the nature of the May 15, 2009 hearing. He asserts that he filed a motion asking the court what it would address at that hearing and the trial court did not respond.

**{¶15}** On April 8, 2009, the trial court issued a judgment entry where it (1) noted that it conducted an in-camera interview with the minor child, (2) set the case for an evidentiary hearing on May 15, (3) granted appellant's motion for leave to pay the guardian ad litem fees, (4) overruled appellant's motion for court-appointed counsel, (5) modified the standard order of visitation pending the May 15 evidentiary hearing, and (6) set out three specific visits for appellant and his daughter.

**{¶16}** On April 15, 2009, appellant filed "objections to April 8, 2009 journal entry." In these "objections" appellant attacked the court's judgment entry on various grounds, discussed guardian ad litem fees, set out why he believed he is entitled to a court-appointed attorney, brought up issues with visitation and generally berated appellee and the court. Also buried within these objections was a request that the court specifically articulate the issues that would be addressed at the May 15 hearing.

**{¶17}** While appellant claims ignorance of the purpose of the May 15 hearing, the record reflects otherwise. The May 15 hearing dealt with two main issues: (1) modification/termination of the standard order of visitation and (2) the CSEA audit that had been pending. By appellant's own admission, he was aware of the CSEA audit issue. (See appellant's brief). And appellant was made aware that the visitation issue would be addressed at the hearing by the court's April 8 judgment entry. In that entry, the court specifically stated that it held the in-camera interview, that the matter was set for a May 15 evidentiary hearing, and that the standard order

of visitation was modified pending the evidentiary hearing. Thus, appellant had notice of the main purposes of the hearing. At the May 15 hearing, the court also addressed appellant's pending motion to compel discovery and the guardian ad litem fees. And while it does not appear that these issues were set out in a judgment entry to give appellant specific notice, he was aware that they were pending issues that the court needed to resolve.

{¶18} On a more technical note, appellant never filed a motion requesting that the court provide him with the agenda of the May 15 hearing. His request for an agenda was buried in a set of objections to the court's previous judgment entry.

{¶19} Based on the above, the court did not commit reversible error in failing to provide appellant with a specific notice of what it would address at the May 15 hearing.

{¶20} Appellant also argues that the trial court erred in failing to compel appellee to provide him with his requested discovery.

{¶21} On February 12, 2009, the court granted appellee's request for 30 days to produce discovery that appellant had requested. On March 13, 2009, appellant filed a motion for an order to compel discovery. In the motion, appellant stated that appellee had still not produced his requested discovery.

{¶22} At the May 15 hearing, it came out that the discovery appellant requested was for appellee's 2001-2009 income tax returns. (May Tr. 39, 40). Appellee's counsel stated that he was reluctant to hand those over to appellant due to appellant's vexatious nature and also because he thought them to be irrelevant to any pending issues. (May Tr. 39-40). Appellant stated that the returns were relevant to prove that appellee acted against a prior court order that the parties alternate years claiming the child tax credit. (May Tr. 40-41). The court told appellant that the tax returns were not relevant because if appellee provided incorrect information on her tax return, that was an issue for the IRS. (May Tr. 45).

{¶23} Again, the trial court did not commit any type of reversible error here. Firstly, there were no issues dealing with the child tax credit pending before the court.

Secondly, as the court pointed out, if appellee erred on her tax returns that would be an issue for the IRS to deal with, not the trial court.

**{¶24}** Accordingly, appellant's first assignment of error is without merit.

**{¶25}** Appellant's second assignment of error states:

**{¶26}** "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO HOLD MAHONING COUNTY CHILD SUPPORT AGENCY AUDITOR IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THE TRIAL COURT'S ORDERS."

**{¶27}** Here appellant contends that the CSEA audit of his child support account was not actually an audit but was merely a summary of payments. Therefore, he argues that the trial court should have held the CSEA auditor in contempt of court for failing to comply with the court's order to provide an audit.

**{¶28}** At the May 15 hearing, Barbara DeFrances-Bieber, a CSEA audit specialist, testified regarding her audit of appellant's account. She testified that the audit computed the payments from September 2006 through April 2009. (May Tr. 10). She stated that she began with September 2006, because there had been a September 5, 2006 judgment entry setting appellant's arrearage at $2,660.45. (May Tr. 10). DeFrances-Bieber stated that the balance currently due on appellant's account was $1.89, so the payments were basically up to date. (May Tr. 11). Appellant objected to the entire audit on the basis that it did not go back far enough to show that the CSEA owed him approximately $1,155. (May Tr. 11-12). In reply, DeFrances-Bieber testified that the CSEA must compute its figures from the last adjudicated arrearage because that is a court-determined amount. (May Tr. 21-22). Furthermore, DeFrances-Bieber testified that the audit reflected all payments made and credits received and it was not merely a payment history as appellant alleged. (May Tr. 18, 27-28).

**{¶29}** It is difficult to discern why appellant believes the court should have held DeFrances-Bieber in contempt. The court ordered a CSEA audit. DeFrances-Bieber provided the court with a CSEA audit. There is no basis for a contempt

finding.

**{¶30}** Accordingly, appellant's second assignment of error is without merit.

**{¶31}** Appellant's third assignment of error states:

**{¶32}** "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT ALLOWING APPELLANT KUZNIAK HIS RIGHT TO THOROUGHLY EXAMINE EVIDENCE AND QUESTION AND CALL WITNESSES."

**{¶33}** Appellant alleges here that the trial court limited his ability to examine witnesses and present evidence.

**{¶34}** While appellant asserts that the trial court did not permit him to present evidence and question witnesses, he does not cite to any portions of the transcript where the trial court actually prevented him from presenting relevant evidence or where he attempted to question a witness and the court stopped him.

**{¶35}** Pursuant to App.R. 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, *with citations to the * * * parts of the record on which appellant relies.*" (Emphasis added.) Appellant failed to comply with this Rule. Furthermore, a review of the transcript does not reveal any instances of the court limiting appellant's presentation of relevant evidence or asking pertinent questions.

**{¶36}** Accordingly, appellant's third assignment of error is without merit.

**{¶37}** Appellant's fourth assignment of error states:

**{¶38}** "THE TRIAL COURT ERRED AS A MATTER OF LAW BY MODIFYING APPELLANT KUZNIAK'S PARENTAL RIGHTS WITHOUT FOLLOWING STATE LAW OR PROCEDURE."

**{¶39}** In this assignment of error, appellant alleges that the trial court failed to follow R.C. 3109.04 in modifying his visitation with his daughter. He further asserts that the trial court should not have changed the standard order of visitation based only on an in-camera interview with the child and the guardian ad litem's report.

**{¶40}** A trial court's decision on the modification of parenting time shall not be

reversed absent an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144. The trial court has wide latitude in considering all the evidence, and the trial court is in the best position to view the demeanor, attitude, and credibility of the witnesses. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, citing *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80-81.

**{¶41}** Firstly, appellant does not point out which of R.C. 3109.04's 13 subsections, or those subsections' 20-plus additional subsections, he claims the trial court violated. Thus, we have no way of knowing what his specific argument is here.

**{¶42}** Secondly, appellant's argument that the court somehow violated R.C. 3109.04 is misplaced. R.C. 3109.04 deals solely with custody issues, not visitation issues. *Campana v. Campana*, 7th Dist. No. 08-MA-88, 2009-Ohio-796, at ¶45. It is R.C. 3109.051 that deals with parenting time, or visitation issues. Id. at 46, citing *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, at 44-45.

**{¶43}** Thirdly, appellant did not file a transcript of the in-camera interview with the parties' daughter. Therefore, we have no way of knowing how the interview may have affected the trial court's judgment.

**{¶44}** Given the above, there is no basis on which to determine that the trial court abused its discretion in modifying appellant's parenting time with his daughter. Accordingly, appellant's fourth assignment of error is without merit.

**{¶45}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.